**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **IN THE MATTER OF:** | **CASE NO. 18-10627** |
| **TRINITY INVESTMENT GROUP LLC,** | **Chapter 11** |
| **Debtor.** | |

### OBJECTION TO MOTION FOR TRANSFER CASE

To: The Honorable Robert E. Grant, Chief Judge, United States Bankruptcy Court:

COMES NOW the Debtor, Trinity Investment Group LLC, by counsel, and files its Objection to the Sigma Restaurants, Inc.'s ("Sigma") Motion for Transfer of Venue to the United States Bankruptcy Court for the Northern District of Ohio, Western Division (Toledo) Pursuant to 28 U.S.C. §1408 and 28 U.S.C. § 1412. For its Objection to said Motion, the Debtor would show that:

1. Trinity Investment Group LLC ("Trinity") filed its Voluntary Petition for Relief under Chapter 11 of Title 11 United States Code on April 13, 2018, and has continued as Debtor-in-Possession since that date.

2. The Debtor is an Indiana limited liability company. The Debtor's equity security interests are held 81% by the Debtor's affiliate, Vision Investment Group, Inc., and 19% by William Stose, Chief of Operations. Mr. Stose is an Indiana resident who is more proximately located to the Fort Wayne Bankruptcy Court than to the Toledo Bankruptcy Court. The same is true for the Debtor's president, James E. Miller. The same is true for the other administrative employees of the Debtor who have been and/or will or may be witnesses in this chapter 11 case.

3. As indicated above, a majority of the equity security interest in the Debtor is held by Vision Investment Group, Inc. ("Vision"). Vision is also a Debtor-in-Possession in a chapter 11 case currently pending in the Fort Wayne Division. Vision and Trinity share certain employee

expenses as heretofore disclosed in the Trinity Statement of Insider Compensation. Vision and Trinity also have the same bankruptcy counsel. These shared employees and shared counsel provide for more efficient administration of both cases in that inter-related matters can easily be addressed by single counsel or law firm. If Trinity's case is transferred to Ohio, such efficiency would not only be lost, but the Trinity bankruptcy estate would incur additional and greater legal fees as retention of Ohio counsel would be required and there would be substantial costs in their becoming acquainted with the case in addition to greater ongoing costs in interfacing with the Debtor's principal, Vision. Additionally, both chapter 11 debtors have under consideration the consolidation of the cases, which option would be lost if Trinity's case is transferred.

4.  The Debtor currently operates 14 Subway® restaurants in the Toledo, Ohio area. However, the headquarters for the Debtor's operation is 505 N. 100 W., Bluffton, Indiana 45714. This location is the site of the Debtor's major business decisions. That is, the Debtor's principals and corporate officers as well as its financial and bookkeeping personnel are all located in Indiana. This proximity of the Debtor's administrative business operations and personnel made the Fort Wayne Bankruptcy Court a more favorable venue for the convenience of the parties and in the interest of justice.

5.  The Movant has not brought its Motion for Transfer of Venue in a timely manner. While it filed the Motion on April 16, 2018, it failed to properly give the required Notice necessary to effectuate any processing of the Motion until June 15, 2018. Because properly giving notice of the Motion is an integral part of seeking the relief requested, the Motion has not been timely prosecuted or administered. As can be seen from the court docket in this case including, but not limited to, cash collateral proceedings with which this Court is now very familiar, retaining the case in this Court serves the interests of judicial economy.

6.    The §341 Meeting has been held in Fort Wayne. Further, in connection with the foregoing, creditors have been given notice of where and when to file proof of claims. A change of venue at this time would bring potential confusion to this process.

7.    Additionally, the untimely prosecution of the Motion is now prejudicial to the Debtor, its creditors, and this Bankruptcy estate. The Debtor is in the process of preparing and filing fourteen (14) motions pertaining to the assumption and cure of the leasehold rights of the Debtor which will thereafter require timely administration. Such motions will require responses to this Court. Further, the Debtor anticipates additional matters will be filed and noticed out to all creditors (e.g., case administration, Plan, etc.) before matters on the venue Motion can be completed. Again, confusion, loss of efficiency and lost judicial economics would result if this case were transferred.

8.    The Debtor's right to operate the fourteen (14) Subway® locations is pursuant to an assignment of those rights which are owned by James E. Miller, a long-time Indiana resident. The value of the Debtor's locations involves, in large measure, a relationship of such rights, via an assignment from Mr. Miller through Vision to Trinity. Maintaining these rights, even though they may be apportioned, including in the event of a sale, liquidation or restructure, is beneficial to all creditors and parties in interest. Separating venue of the cases would likely be detrimental to that end.

9.    The Fort Wayne Bankruptcy Court has had considerable experience with chapter 11 cases involving property located in both Indiana and Ohio, which experience the Debtor asserts will enable all creditors and parties-in-interest to receive a fair and efficient hearing.

10.    The Debtor's choice of forum is Fort Wayne and Debtor requests that Sigma's Motion be denied.

11. The Movant has failed to give proper notice of the Motion to creditors and parties in interest in that:

a. The Notice is confusing in its context and wording, including its use of the words "faces" and "notion." While it is likely these words are typographical errors, this may not be apparent to readers who are not attorneys or who are not familiar with bankruptcy cases since the typos (assuming they are that) are actual, correctly spelled words.

b. The Notice is missing key ingredients integral to the operation of Bankruptcy Rule 2002. For example, it fails to advise the reader of what to do if he or she has not received a copy of the Motion. Further, it fails to advise the reader that if an objection is filed, a hearing will be set and he/she or their attorney will be expected to attend.

c. The Notice poses an artificial barrier to someone considering the filing of an objection by incorrectly requiring that all creditors be served with the objection.

WHEREFORE, the Debtor, Trinity Investment Group LLC, requests that the Court enter an Order denying the Motion for Transfer of Venue filed by Sigma Restaurants, Inc., and for all other proper relief just and proper in the premises.

    Respectfully submitted,

    HALLER & COLVIN, PC

    /s/ Daniel J Skekloff
    Daniel J. Skekloff (#146-02)
    444 E. Main Street
    Fort Wayne, IN 46802
    Telephone: (260) 426-0444
    Facsimile: (260) 422-0274
    E-mail: dskekloff@hallercolvin.com
    Attorneys for Debtor

**CERTFICATE OF SERVICE**

      The undersigned, who is duly admitted to practice in the State of Indiana and before the Court, hereby certifies that a copy of the above and foregoing was transmitted electronically through the Bankruptcy Court's ECF System, on July 9, 2018, to the following:

Leonard W. Copeland
Nancy J. Gargula
Office of the United States Trustee
One Michiana Square, Suite 555
100 E. Wayne Street
South Bend, IN 46601

Adrian L. Halverstadt III
DeLANEY HARTBURG ROTH
   & GARROTT LLP
533 Warren Street
P.O. Box 269
Huntington, IN 46750
Attorney for Bippus State Bank

Daniel A. Cox
WOOD & LAMPING LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202
Attorney for General Electric Credit Union

Norman A. Abood
101 Broadcast Building
136 N. Huron Street
Toledo, OH 43604-1139
Attorney for Sigma Restaurants, Inc.

      The undersigned further certifies that a copy of the above and foregoing was sent by first class United States mail, postage prepaid on July 9, 2018, to the following:

Trinity Investment Group LLC
c/o James E. Miller, II, President
P.O. Box 495
Bluffton, IN 46714

                                                  /s/ Daniel J. Skekloff
                                                 Daniel J. Skekloff (#146-02)