UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| TRINITY INVESTMENT GROUP, LLC | )   CASE NO.   18-10627 |
| | ) |
| | ) |
| Debtor | ) |

### DECISION

On August 30, 2018

Who will travel the approximately 100 miles between Fort Wayne, Indiana and Toledo, Ohio in connection with this case: the debtor or its largest creditor, Sigma Restaurants, Inc.? That is the question currently before the court, following trial of the issues raised by Sigma's motion to transfer venue and the debtor's objection thereto. Sigma's motion is based upon 28 U.S.C. § 1412, which authorizes the court to transfer a case under Title 11 to another district "in the interest of justice or for the convenience of the parties."

Debtor is a limited liability company organized under Indiana law. Unlike many venue fights where the debtor's presence in a particular venue may be largely ephemeral, the debtor's presence in Northern Indiana is real and substantial. Its principal place of business is located in Bluffton, Indiana, its books and records are kept there and its management employees operate out of that office. Nonetheless, it is licensed to do business in the state of Ohio and its operating assets – fifteen or so Subway restaurants – are all located in the Toledo area; as is its largest creditor, Sigma, which is owed in excess of $6 million. Debtor purchased its restaurants from Sigma in 2013, but defaulted in its payments under the purchase agreement resulting in litigation in Lucas County, Ohio. After an abortive settlement, the debtor filed a petition for relief under Chapter 11 in the Northern District

of Indiana on April 13, 2018.  The present motion followed soon thereafter, although the movant delayed serving creditors and parties in interest with notice of the motion and the opportunity to object thereto for almost two months.  See, N.D. L.B.R. B-2002-2(a)(14).

There is no dispute that venue is proper in the Northern District of Indiana.  See, 28 U.S.C. § 1408.  The decision to transfer an otherwise properly venued case is a matter committed to the court's discretion, based upon a case by case analysis usually involving factors such as: the proximity of creditors of every kind to the court; the proximity of the debtor to the court; the proximity of the witnesses necessary to the administration of the estate; the location of the debtor's assets; the economic administration of the estate; and the necessity for ancillary administration if liquidation should result.  See, In re Enron Corp., 274 B.R. 327, 343 (Bankr. S.D. N.Y. 2002), citing In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247 (5th Cir. 1979).  See also, In re Manville Forest Products Corp., 896 F.2d 1384, 1391 (2nd Cir. 1990).  The movant bears the burden of proving the transfer is appropriate.  Nonetheless, the debtor's choice of forum is entitled to great weight and where a transfer would simply shift the inconvenience from one party to the other that choice should be respected.  See, Enron, 274 B.R. at 342-43.

The first factor – proximity of all creditors to the court – matters little here.  While the debtor's largest and, thus far, only active creditor, Sigma, is located in northwest Ohio, it is wrong to focus only on the desires of creditors holding the largest claims; both number and size matter, Commonwealth Oil, 596 F.2d at 1248, and the debtor's other creditors are scattered throughout Indiana, Michigan, Illinois, Ohio, and other states.  The next several factors – proximity of the debtor, proximity of witnesses, and the economic administration of the estate – are, at least in this instance, largely overlapping.  They tend to focus on the physical location of the debtor's offices,

2

management personnel (especially management involved with working up a proposed plan), books and records, and the employees who may be needed to testify concerning the administration of the estate, Id. at 1247-48, all of which are located in Northern Indiana; even though the operating assets are located in Northern Ohio. As for the economic administration of the estate, that is usually the primary goal of the venue inquiry, Id. at 1247; Enron, 274 B.R. at 348, but the evidence presented does not persuade the court that a move to Toledo would promote either efficiency or economy. The final consideration – the need for ancillary administration should liquidation result – is of little, if any relevance, where the goal is reorganization under Chapter 11. Commonwealth Oil, 596 F.2d at 1248. Once again, the evidence presented gives no good reason to favor Ohio over Indiana in that regard.

     The court places little weight on Sigma's argument to consider a forum selection clause in the purchase agreement, which provides that the courts of Lucas County, Ohio shall be the exclusive venue for resolving disputes between the parties. To begin with, this is a bankruptcy proceeding and the Ohio state courts have no ability to provide the debtor with relief under Chapter 11 of the United States Bankruptcy Code. Furthermore, unlike a two-party dispute where such agreements may be highly meaningful, bankruptcy is a collective proceeding involving the rights of the debtor and all of its creditors, many of whom may have their own, and potentially conflicting, forum selection clauses in their agreements with the debtor.

     Although a change of venue involves an analysis of many factors, it is not a mathematical process of toting up which factor favors whom, so that the one with the highest score wins. Instead, it is a balancing test in which the different factors are weighed, in light of the initial preference given to the debtor's legitimate choice. While there are good reasons this case could have been or could

be venued in Northern Ohio, there are also good reasons for venueing it in Northern Indiana. Balancing all of the factors discussed above, in light of the movant's burden of proof and the debtor's legitimate choice between different fora, the court concludes that the debtor's choice should be respected and the movant has failed to persuade the court that the Northern District of Ohio represents a more convenient venue for all concerned.

The alternative basis for the motion – the interest of justice – does not change that conclusion. This is a "broad and flexible standard," Manville, 896 F.2d at 1391, if not to say a "nebulous concept." In re West Coast Interventional Pain Medicine, Inc., 435 B.R. 569, 583 (Bankr. N.D. Ind. 2010) (Klingeberger, B.J.). To the extent the analysis involves things that are not considered when evaluating the convenience of the parties, it tends to focus on the interests and abilities of the respective fora (as opposed to those of the parties) in easily administering and overseeing the outcome of the proceeding. Commonwealth Oil, 596 F. 2d at 1247; Enron, 274 B.R. at 349. Once again, the court is not persuaded that the bankruptcy court in Northern Ohio would manage this matter more efficiently, more quickly or more easily, or that it has any greater interest in the outcome, than this court.

The motion will be DENIED. An order doing so will be entered.

                                                  /s/ Robert E. Grant
                                            Chief Judge, United States Bankruptcy Court