UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. | 18-10627 |
| | ) | CHAPTER | 11 |
| TRINITY INVESTMENT GROUP LLC | ) | REG/jd | |
| | ) | | |
| | ) | | |
| Debtor | ) | | |

### ORDER APPOINTING MEDIATOR

On May 09, 2019

By agreement of the parties, the court hereby appoints, R. David Boyer, II, 110 West Berry St., Suite 1910, Fort Wayne, IN 46802, to serve as a mediator in this case, in order to conduct such alternative dispute resolution (ADR) sessions as the mediator and the parties deem appropriate. See, N.D. Ind. L.B.R. B-9019-2; General Order Regarding Alternative Dispute Resolution. These ADR sessions shall not, however, relieve the parties of the obligation to comply with the court's orders establishing a schedule for the litigation.

In the event they have not already done so, counsel for the parties shall, forthwith, jointly contact the mediator in order to discuss the preferred form of ADR to be used, any information the mediator may need concerning the dispute and to arrange a time to commence the ADR sessions.

At the time arranged for any ADR session, counsel, the parties and the appropriate officers or representatives of the parties who have full settlement authority shall be present and shall remain present throughout the session, unless their presence is excused by the mediator. As a result, it should not be necessary for those attending any session to confer or consult with anyone who is not present before making, accepting or rejecting a settlement offer.

In preparation for the ADR sessions lead counsel for each party may, and if requested by the mediator shall, provide the mediator with a confidential statement of the case containing such things

as:

    1. Any information requested by the mediator.

    2. A brief statement of the facts of the case and the claims and defenses of each party, i.e., the statutory or other grounds upon which the claims and defenses are founded. This statement should also identify the major factual and legal issues in dispute.

    3. An itemized breakdown of any damages or other relief sought.

    4. A summary of the settlement negotiations to date and the factors considered in arriving at the party's current settlement posture.

    5. An estimate concerning the future attorney's fees and expenses that counsel reasonably believe may be incurred through the completion of trial.

    6. The name and any title of the individual(s) possessing ultimate decision-making authority with respect to settlement who will be attending the session.

    7. A good faith estimate of the lowest amount your client would accept in settlement or the highest amount your client would agree to pay in settlement, as the case may be, at any time prior to trial.

    8. Any other information you believe the mediator may need.

This confidential statement should not exceed ten (10) pages in length, should be delivered to the mediator no later than seven (7) days prior the initial ADR session, and **SHALL NOT** be filed with the court.

Within ten (10) days following the conclusion of the ADR sessions, the mediator shall file a report advising the court of the results, if any, of the ADR process.

The parties' ADR sessions are not intended to take the place of settlement discussions and negotiations between counsel, neither are they intended to relieve the parties of their responsibility to arrive at a settlement without assistance. If a settlement is not reached during the ADR process, it should be expected that no settlement will be possible and that the case must proceed to trial.

SO ORDERED.

         */s/ Robert E. Grant*
Chief Judge, United States Bankruptcy Court